Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Krohn & Moss, Ltd.
1112 Ocean Drive, Third Floor
Manhattan Beach, CA 90266
Tel: (323) 988-2400
Fax: (866) 861-1390
Attorney for Plaintiff, JESSICA HUDSON

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| JESSICA HUDSON, | Case No.: 8:15-cv-2085 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| U.S. BANK, N.A., | |
| Defendant. | |

JESSICA HUDSON (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against U.S. BANK, N.A. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Counts I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Camarillo, Ventura County, California.

7. Defendant is a business entity with a principal place of business in Minneapolis, Minnesota.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around 2014, Defendant began constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Plaintiff's alleged debt arose through a consumer credit transaction.

11. Defendant places collection calls from telephone numbers, including, but not limited to, 877-838-4347, 800-236-4188 and 800-236-9454.

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number 805-231-38xx.

13. Defendant also places collection calls to Plaintiff's work cellular telephone number 805-832-01xx.

14. Based upon the timing and frequency of Defendant's calls and per its prior business practices, each of Defendant's calls were placed using an automatic telephone dialing

system.

15. In or around 2015, Defendant began placing multiple daily collection calls to Plaintiff.

16. On or around June 25, 2015, Plaintiff spoke to Defendant's representative, "Tim," and requested that Defendant cease placing collection calls.

17. On or around August 4, 2015, Plaintiff spoke to Defendant's representative, "Renee," and again requested that Defendant cease placing collection calls.

18. On or around August 12, 2015, Plaintiff spoke to Defendant's representative, "Mae," and again requested that Defendant cease placing collection calls.

19. Plaintiff revoked any consent, express, implied or otherwise, to receive automated collection calls from Defendant in the course of the telephone conversations on or around June 25, 2015, August 4, 2015, and August 12, 2015.

20. Despite Plaintiff's repeated requests to cease, Defendant continued to place multiple collection calls to Plaintiff on a daily basis.

21. Defendant placed at least eighty-seven (173) collection calls to Plaintiff over an approximate two-month period, including sixty-six (152) calls to Plaintiff's cellular telephone and twenty-one (21) calls to Plaintiff's work cellular telephone.

## COUNT I

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT**

22. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

23. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, JESSICA HUDSON, respectfully requests judgment be entered against Defendant, U.S. BANK for the following:

24. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

25. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

26. All court costs, witness fees and other fees incurred; and

27. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

   c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.*, to wit:

      1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

      2. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse

Plaintiff.

WHEREFORE, Plaintiff, JESSICA HUDSON, respectfully requests judgment be entered against Defendant, U.S. BANK for the following:

30. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

32. Any other relief that this Honorable Court deems appropriate.

DATED:  December 16, 2015

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: /s/Ryan Lee
Ryan Lee
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JESSICA HUDSON, demands a jury trial in this case.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, JESSICA HUDSON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JESSICA HUDSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 8/19/15

JESSICA HUDSON

Processed by FREE version of STOIK Mobile Doc Scanner from www.stoik.mobi